## FRACHTMAN v. FOX.

(Supreme Court, Appellate Term, First Department. December 20, 1915.)

MASTER AND SERVANT ☞30—GROUNDS FOR DISCHARGE.

An employé, given a Christmas gift by his employer, wrote the employer a letter in which he stated that he was returning "with many thanks your valuable set of cuff links, because I have at least four sets of diamond set buttons which are practically doing no service whatsoever, and, since they will only have to lay around, I would prefer to have you give them to some one who could make use of them." *Held,* that the employé had a right to decline any gift his employer sought to bestow, and the letter was not wanting in due courtesy and respect in the exercise of such right, and neither the refusal of the gift nor the tone of the letter furnished any adequate reason for his discharge.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 30–36; Dec. Dig. ☞30.]

Appeal from City Court of New York, Trial Term.

Action by Morris Frachtman against Charles L. Fox. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued December term, 1915, before GUY, PAGE, and PHILBIN, JJ.

Philip Baum, of New York City (Joseph G. Cohen, of New York City, of counsel), for appellant.

Barnett & Jablow, of New York City (Ralph Barnett and Morris Jablow, both of New York City, of counsel), for respondent.

PHILBIN, J. The plaintiff sues to recover damages for a breach of a contract of employment caused by the alleged wrongful discharge of the plaintiff. The defendant conducted a dental office, and employed the plaintiff as a dentist therein for a term which had yet some months to run at the time of said discharge. The sole cause assigned

by the defendant for such dismissal was the writing by the plaintiff of the following letter in relation to a Christmas gift, and which the defendant characterized as insulting and disobedient in tone:

"December 24, 1913.

"Am returning with many thanks your valuable set of cuff links, because I have at least four sets of diamond set buttons which are practically doing no service whatsoever, and since they will only have to lay around I would prefer to have you give them to some one who could make use of them. Again thanking you for your generosity, I remain,          Dr. M. Frachtman."

Upon the close of the plaintiff's case the defendant's counsel moved to dismiss the complaint for the reason that the plaintiff was rightfully discharged because of the writing of said letter. The court in granting the motion took the view that said letter was insolent and furnished sufficient reason for the discharge of the plaintiff.

The plaintiff certainly had a right, without violating a duty under said contract, to decline any gift his employer sought to bestow. The acceptance of a gift in such circumstances, or even an increase in compensation, is not compelled by law, but must be entirely voluntary. Due courtesy to the employer, however, may often require acceptance, particularly in the season of peace and good will. It might well be supposed that the employé would, not unnaturally, be inclined to encourage such manifestations on the part of his or her employer. The attitude taken by the appellant here, however, shows that that is not always the case. The protection the law gives in such instances should be stated, lest others may suffer from compulsory acceptance of such favors through ignorance of their legal rights. Where the relation exists, it justifies only such social and sentimental manifestations on the part of the employer as the employé may willingly accept. The former by his position acquires no right not strictly incidental to the business of the employment.

The said letter cannot be regarded as disobedient or wanting in due courtesy and respect in the exercise of the appellant's right to reject the gift, and therefore neither it nor such refusal furnished adequate reason for the discharge. The tone of the communication would rather indicate a desire to make the performance of an unpleasant duty as painless as possible, in accordance with the spirit and practice of the important and exacting profession of which both the appellant and the respondent were members.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.